Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DECOR PAINTING, INC., a California Corporation, and DANIEL GREGORY CHAPMAN, an individual,<br><br>Defendants. | Case No.: C10-4806 SBA<br><br>**NOTICE AND ACKNOWLEDGEMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendants DECOR PAINTING, INC., a California Corporation, and/or alter egos and/or successor entities, and DANIEL GREGORY CHAPMAN, an individual ("Defendants"), who agreed to be personally and individually liable for contributions due to the Plaintiff Trust Funds, as follows:

1. Defendant DECOR PAINTING, INC. entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. DANIEL GREGORY CHAPMAN, RMO of DECOR PAINTING, INC., hereby acknowledges that he is authorized to receive service on behalf of Defendants, and has received

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-4806 SBA**

1  the following documents: Summons; Complaint; Dispute Resolution Procedures in The Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation And [Proposed Order] Selecting ADR Process; Notice Of Need For ADR Phone Conference; ADR Certification By Parties And Counsel; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Standing Order For All Judges of The Northern District Of California – Contents of Joint Case Management Statement; Welcome to the Oakland Divisional Office of the United States District Court; Notice of Assignment of Case to a United States Magistrate Judge For Trial; Consent to Proceed Before a United States Magistrate Judge; ECF Registration Information Handout; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before A Magistrate Judge and Request for Reassignment to a United States District Court Judge; Notice of Impending Reassignment to a United States District Court Judge; Reassignment Order.

3. Defendant has become indebted to the Trust Funds for account number 1021-02488200, except as noted, as follows:

| | | |
|---|---|---:|
| May 2010 | Contribution Balance (Account number 1031-02488200) | $11,023.77 |
| June 2010 | Contribution Balance | $13,977.30 |
| July 2010 | Contribution Balance | $19,626.30 |
| August 2010 | Contribution Balance | $7,541.92 |
| September 2010 | Contribution Balance | $8,508.45 |
| | **Contributions Subtotal:** | **$60,677.74** |
| May 2010 | Liquidated Damages (Account number 1031-02488200)<br>10% or $750 maximum on Partial Late Payment ($750.00);<br>20% on Contribution Balance ($2,204.75) | $2,954.75 |
| June 2010 | Liquidated Damages:<br>10% or $750 maximum on Partial Late Payments ($476.00);<br>20% on Contribution Balance ($2,795.46) | $3,271.46 |
| July 2010 | Liquidated Damages:<br>10% or $750 maximum on Partial Late Payments ($750.00);<br>20% on Contribution Balance ($3,925.26) | $4,675.26 |
| August 2010 | Liquidated Damages:<br>20% on Contribution Balance | $1,508.38 |
| September 2010 | Liquidated Damages:<br>20% on Partial Late Payment ($230.10);<br>20% on Contribution Balance ($1,701.69) | $1,931.79 |
| | **Liquidated Damages Subtotal:** | **$14,341.64** |

| | | |
|---|---|---|
| May 2010 | 5% Interest:<br>Until Partial Payment Received 8/30/10 ($191.95)<br>On Contribution Balance through 12/1/10 ($140.44) | $332.39 |
| June 2010 | 5% Interest:<br>Until Partial Payment Received 9/30/10 ($156.57)<br>Until Partial Payment Received 10/18/10 ($11.32)<br>On Contribution Balance through 12/1/10 ($84.25) | $252.14 |
| July 2010 | 5% Interest:<br>Until Partial Payments Received 9/30/10 ($173.80)<br>Until Partial Payment Received 10/18/10 ($12.04)<br>On Contribution Balance through 12/1/10 ($118.30) | $304.14 |
| August 2010 | 5% Interest on Contribution Balance through 12/1/10 | $64.05 |
| September 2010 | 5% Interest:<br>Until Partial Payment Received 11/10/10 ($13.23)<br>On Contribution Balance through 12/1/10 ($24.48) | $37.71 |
| | **Interest Subtotal:** | **$ 990.43** |
| | Total Contributions; Liquidated Damages; Interest (through 12/1/10) | $ 76,009.81 |
| | Attorneys' Fees (through 11/29/10) | $6,588.00 |
| | Cost of Suit | $ 350.00 |
| | **GRAND TOTAL** | **$82,947.81** |

4. Defendants shall ***conditionally*** pay the amount of **$68,606.17**, representing all of the above amounts, less liquidated damages in the amount of **$14,341.64.** ***This waiver is* expressly *conditioned upon the Trustees approval upon timely compliance with all of the terms of this Stipulation***, as follows:

(a) On or before December 15, 2010, and no later than the 15th day of each month for a period of twelve (12) months, through November 15, 2011, Defendants shall pay to Plaintiffs the amount of **$5,873.00.**

(b) All other amounts due under the terms of this Stipulation shall also be due and payable to Plaintiffs in a lump sum together with the November 15, 2011 stipulated payment.

(c) Payments may be made by joint check, to be endorsed prior to submission to Plaintiffs. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

-3-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-4806 SBA**

(e) Payments shall be made payable to the Bay Area Painters and Tapers Trust Funds and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each month**.

(f) At the time that Defendants make their eleventh (or next to final) monthly payment under the terms of this Stipulation, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with that payment. Defendants will be advised as to whether or not the waiver has been granted prior to the twelfth payment hereunder. If no waiver is granted, Defendants shall continue to make monthly payments in the amount provided in ¶ 4 until this judgment is satisfied in full.

(g) Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 13 shall apply.

5. In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check), submitted by Defendants but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default. Notice may be provided by email to dan@decorpaintinginc.com; a copy of the emailed notice shall be sent by fax to 925-689-2298. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a check returned by the bank. Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendants' employees during the month of November, due on December 15, 2010 and considered delinquent if not

received by the end of that month, and for every month thereafter that the Bargaining Agreement remains in effect, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment** to the Trust Fund lockbox. Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 13 shall apply.

7. Defendants shall make full monthly disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job.

8. To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, Defendants shall fax said Reports each month to Muriel B. Kaplan at 415-882-9287 concurrently with their submission to the General Contractor, Owner or other reporting agency. **Attached hereto as *Exhibit A* is the Job Report form which is to be completed each month, and faxed as provided in ¶ 6 above**.

9. Failure by Defendants to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 13 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the unpaid contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this Agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *Res Judicata* as to any such additional amounts determined as due.

10. DANIEL GREGORY CHAPMAN acknowledges that he is the RMO of DECOR

-5-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-4806 SBA

P:\CLIENTS\PATCL\Decor Painting\Pleadings\C10-4806 SBA - Judgment Pursuant to Stipulation - 120710.doc

PAINTING, INC. and that all its successors in interest, assigns, and/or affiliated entities, as well as DANIEL GREGORY CHAPMAN individually, shall be bound by the terms of this Stipulation. All such entities specifically consent to the Court's jurisdiction as well as all other terms herein, subject to the provisions of ¶ 4(f).

11. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to this Stipulation, which shall include, but not be limited to, any additional interest and attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, upon demand by Plaintiffs.

12. The parties agree that upon entry of this judgment, Plaintiffs may obtain a writ of execution for the full amount of this judgment and serve a levy on West Bay Builders to recover monies owed to Defendants, and credit that recovery against amounts owed herein, notwithstanding the absence of a default of the terms herein.

13. In the event that Defendants are in default of any provision of this Agreement, including, but not limited to failing to make any payment required under ¶ 4 above, failing to remain current in any contributions under ¶ 6 above, or submitting reports as required in ¶¶ 6-7, above.

(a) The entire amount of **$82,947.81** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below.

(b) A Writ of Execution may be obtained against Defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

of Execution.

      (c) Defendants waive notice of Entry of Judgment and expressly waive all rights to stay of execution and appeal.

      (d) Defendants shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation. The additional attorneys fees and costs shall be paid by Defendants as set forth above, regardless of whether or not Defendants default under the terms of this Agreement.

    14. Any failure on the part of the Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

    15. In the event of the filing of a bankruptcy petition by either Defendant, the parties agree that any payments made by either Defendant pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

    16. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

    17. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

    18. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendants to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal

1 liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, Trust
2 Agreements incorporated into their Collective Bargaining Agreement, and the law.

3     19.    This Stipulation may be executed in any number of counterparts and by facsimile,
4 each of which shall be deemed an original and all of which shall constitute the same instrument.

5     20.    The parties agree that the Court shall retain jurisdiction of this matter until this
6 Judgment is satisfied.

7     21.    All parties represent and warrant that they have had the opportunity to be or have
8 been represented by counsel of their own choosing in connection with entering this Stipulation
9 under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: December 17, 2010    **DECOR PAINTING, INC.**

By:    /S/
    Daniel Gregory Chapman, RMO

Dated: December 17, 2010    **DANIEL GREGORY CHAPMAN**

/S/
Daniel Gregory Chapman, an individual

Dated: December 17, 2010    **SALTZMAN & JOHNSON**
    **LAW CORPORATION**

By:    /S/
    Muriel B. Kaplan
    Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: 2/23/11 x 2010    *Sandra B. Armstrong*
    UNITED STATES DISTRICT COURT JUDGE

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-4806 SBA**

P:\CLIENTS\PATCL\Decor Painting\Pleadings\C10-4806 SBA - Judgment Pursuant to Stipulation - 120710.doc